## Whitemarsh Memorial Park Cemeteries Co., Inc. Petition

*William F. Fox, Jr.,* for petitioner.
*Robert J. Dixon,* for Commonwealth.

TAXIS, *J.,* June 18, 1979—Whitemarsh Memorial Park Cemeteries Co., Inc. (petitioner) has petitioned the court for reformation of the trust instruments to expressly empower the trustee to grant to third parties options to purchase investment securities held by the trustee as part of the trust res. In addition, petitioner requests that, with respect to the 1953 trust, the trustee be relieved of the responsibility of investing at least 15 percent of the principal of the trust in United States bonds.

The court can promptly dispose of the latter request. This trust was created before the enactment

of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, and the Act of August 14, 1963, P.L. 1059, neither of which require a minimum investment of trust funds in United States bonds. The proposed amendment incorporates by reference the fiduciary investment provisions of the P.E.F. Code and is, therefore, approved. The trustee is herewith relieved of the responsibility of investing 15 percent of the trust funds in United States bonds.

Petitioner requests the amendment of all four trusts to include in the appropriate paragraphs of each trust instrument the following language: "Trustee is empowered to grant to others for such consideration as it shall determine, options to purchase investment securities *held by Trustee* from time to time as part of the Trust res. The sale of such options shall only occur through the Chicago Board Options Exchange or other recognized public option exchange." (Emphasis supplied.)

The instruments of 1968, 1970, and 1975 authorize the trustee to invest and hold funds in the manner authorized by the Fiduciaries Act of April 18, 1949, P.L. 512, as amended, the Fiduciaries Investment Act of May 26, 1949, P.L. 1828, as amended, and the Act of August 14, 1963, P.L. 1059. The 1953 instrument refers to the Fiduciaries Act of 1949 and its supplements. The Act of August 14, 1963, P.L. 1059, governing merchandise trust funds for cemeteries, is silent with respect to the investment and sale powers of a trustee and, therefore, the P.E.F. Code, as successor to the Fiduciaries Act and Fiduciaries Investment Act, is applicable.

Section 3354 of the P.E.F. Code, by reference

from section 7133(19) governing trustees' powers, states: "[a] testamentary power given in the governing instrument to sell . . . [includes certain powers] . . . but shall not include the right to grant option without court order. . . ." Section 7133(16) makes section 3353 applicable which provides that where the personal representative is not authorized to grant an option by the P.E.F. Code or governing instrument, he may grant an option for the sale of personal or real property under order of the Orphans' Court. Power to grant an option is conditioned "upon such terms and upon such security and after such notice as the court shall direct, whenever the court shall find such . . . option to be desirable for the proper administration and distribution of the estate."

At the time of hearing, petitioner submitted the testimony of Victor C. Chigas, a vice-president of Drexel Burnham-Lambert, who impressed the court as having vast experience with the management of cemetery trust funds. He has had much success in the use of options as a money-making technique for increasing principal and cash flow without risk to the trust res.

In sum, Mr. Chigas' testimony indicated that the granting of options by a trustee was premised first on the purchase of securities for the trust meeting the prudent man standard required for fiduciaries. The trustee grants an option, agreeing to deliver the designated securities when a certain market price is reached. Sale of the option creates additional funds for the trust while, at the same time, the trust receives the dividends from the designated securities because they are still part of the trust res.

Although the trustee obligates himself to deliver

the designated securities when they attain a certain price, the obligation may be abrogated by the expiration of the option. Furthermore, as the securities approach the agreed selling price (called strike price), the trustee may "buy back" his option at a discount, thereby retaining the difference between the price of the option and the disbursement for the discounted repurchase of his own option, and then resell the option to another optionee at a premium, thus generating additional funds for the trust.

During the course of his testimony, Mr. Chigas emphasized the importance of the prudent man standard, noting that the bedrock of this technique is the investment in securities meeting the standards of a prudent investment. The granting of options and the buying back of options are likewise subject to prudent investment standards. Mr. Chigas highlighted the language "investment securities held by Trustee," indicating that the trustee must own the underlying securities and not be selling "naked options" which would be imprudent. Mr. Chigas distinguished between a trustee "buying back" his own option and the buying of options, the latter of which is clearly speculative and, therefore, imprudent. Finally, Mr. Chigas testified that the Administrator of National Banks has authorized such banks to grant options.

The Attorney General appeared at the hearing and made no objection.

The court finds that the granting of options by a trustee on securities held in the trust res is a practice meeting the standard of section 7302(b) of the P.E.F. Code.

The court enters the following

## FINAL DECREE

And now, June 18, 1979, after hearing, the court orders and decrees that

(1) Paragraph third of the Whitemarsh Memorial Park Cemetery Co., Inc. Merchandise Trust Agreement No. 3 of November 21, 1975; paragraph third of the Whitemarsh Memorial Park Cemetery Co., Inc. Merchandise Trust Agreement No. 2 of April 16, 1970; paragraph third of Whitemarsh Memorial Park Cemetery Co., Inc. Merchandise Trust Agreement of August 14, 1968; and paragraph fourth of the Whitemarsh Memorial Park Cemetery Co., Inc. Deed of Trust of June 15, 1953, be amended to read:

"(a) Trustee shall hold all funds deposited with it by Settlor in trust and shall invest and hold such funds in the manner authorized by the fiduciary investment provisions of Chapter 73 of the Probate, Estates and Fiduciaries Code of 1972, and the Act of August 14, 1963, P.L. 1059.

"(b) Trustee is empowered to grant to others for such consideration as it shall determine, options to purchase investment securities held by Trustee from time to time as part of the Trust res. The sale of such options shall only occur through the Chicago Board Options Exchange or other recognized public option exchange."

(2) Under the Whitemarsh Memorial Park Cemetery Co., Inc. deed of trust of June 15, 1953, the trustee is relieved of the responsibility of investing 15 percent of the trust funds in bonds of the United States of America.